**INTERSTATE CIRCUIT, INC., et al.,**
**Plaintiff,**

v.

**CITY OF DALLAS, Defendant.**
**Civ. A. No. CA 3–1006.**

United States District Court
N. D. Texas,
Dallas Division.

Nov. 9, 1965.

Grover Hartt, Jr., Edwin Tobolowsky (Tobolowsky, Hartt, Schlinger & Blalock), Dallas, Tex., for plaintiffs.

N. Alex Bickley, City Atty., Ted P. MacMaster, Asst. City Atty., Dallas, Tex., for defendant.

HUGHES, District Judge.

This matter came on for hearing on the application of the Plaintiffs for a preliminary injunction and the parties by stipulation having agreed that this application would be considered for a permanent injunction, and the Court having considered the pleadings on file and having heard the evidence and argument of counsel, and having been fully advised in the premises of all particulars, does make and enter the following findings of fact and conclusions of law.

FINDINGS OF FACT

I.

Plaintiff, Interstate Circuit, Inc., is a Delaware corporation authorized to do business in Texas, with its principal place of business in Dallas, authorized to exhibit motion pictures. It operates the following theatres in the City of Dallas:

Majestic Theatre, 1925 Elm Street; Palace Theatre, 1623 Elm Street; Tower Theatre, 1905 Elm Street; Esquire Theatre, 3419 Oak Lawn; Inwood Theatre, Lovers Lane and Inwood Road; Circle Theatre, 2711 Storey Lane; Forest Theatre, 1918 Forest Avenue; Wilshire Theatre, Skillman and Mockingbird Lane; and Lakewood Theatre, 1825 Abrams Road.

Plaintiff Rowley United Theatres, Inc., is a Delaware corporation, authorized to do business in Texas, with its principal place of business in Dallas, authorized to exhibit motion pictures. It operates the following theatres in the City of Dallas: Jefferson Drive-In Theatre, 4506 West Jefferson; Town and Country Drive-In Theatre, Forest Lane and Plano Road; Lone Star Drive-In Theatre, 4600 Lawnview; Hampton Road Drive-In Theatre, 2833 South Hampton; Wynnewood Theatre, 275 Wynnewood Village; Vogue Theatre, 2010 West Jefferson; and Texas Theatre, 231 West Jefferson.

Plaintiff Big Tex Theatres, Inc., is a Texas corporation with its principal place of business in Dallas, authorized to exhibit motion pictures. It operates the following theatres in the City of Dallas: Granada Theatre, 3524 Greenville Avenue; Kiest Boulevard Drive-In Theatre; Crest Theatre, 2603 South Lancaster; and Avenue Theatre, 4923 Columbia.

Plaintiff Stanley Warner Texas, Inc., is a Delaware corporation authorized to do business in Texas with its principal place of business in Dallas and is authorized to exhibit motion pictures. It operates the following theatres in the City of Dallas: Chalk Hill Drive-In Theatre, 4501 West Davis; Buckner Drive-In Theatre, 3311 North Buckner Boulevard; and Denton Road Drive-In Theatre, 11325 Harry Hines Boulevard.

Plaintiff Tivoli Realty, Inc., is a Texas corporation with its principal place of business in Dallas and is authorized to exhibit motion pictures. It operates the Delman Theatre, 3319 Raleigh Street.

Plaintiff Brooks Theatre, Inc., is a Texas corporation with its principal place of business in Dallas, Texas, and is authorized to exhibit motion pictures. It operates the South Loop Theatre, 3016 East Ledbetter Drive.

Plaintiff Trans-Texas Theatre, Inc., is a Texas corporation with its principal place of business in Dallas and is authorized to exhibit motion pictures. It operates the Capri Theatre, 1913 Elm Street.

Plaintiff Arcadia Theatre, Inc., is a Texas corporation with its principal place of business in Dallas and is authorized to exhibit motion pictures. It operates the Arcadia Theatre at 2005 Greenville Avenue.

Plaintiff Big "D" Theatre Company, Dallas, Texas, operates the Big "D" Drive-In Theatre, 6123 Harry Hines Boulevard.

Plaintiff Charles W. Weisenburg exhibits motion pictures in the City of Dallas. He operates the Kaufman Pike Drive-In Theatre, 7041 Second Avenue, City of Dallas.

Plaintiff Frank Lucchese, doing business as Llaw Enterprise Company, exhibits motion pictures. He operates State Theatre, 3217 Thomas Avenue, City of Dallas.

And Plaintiff General Cinema Corporation is a Delaware corporation authorized to do business in Texas. It operates the following theatres in the City of Dallas: Cinema North Park I, and Cinema North Park II.

II.

Defendant, City of Dallas, is a home rule city. On April 5, 1965, Ordinance No. 10,963 was enacted in the form attached as Exhibit "A" hereto after the Council heard testimony on the subject.

III.

The Plaintiffs claim relief under the First and Fourteenth Amendments to the Constitution of the United States.

IV.

The Plaintiffs are engaged in the business of exhibiting commercial motion pic-

tures in their respective theatres. In each theatre there is a large investment in personal property, projection equipment, and related accessories.

### V.

Plaintiffs exhibit commercial talking motion pictures. These pictures are generally made in California, if of domestic manufacture, or they are made in foreign countries and imported through a port of entry of the United States Custom Office. The positive prints of said commercial motion pictures pass freely in interstate commerce in and out of the State of Texas. By the owners of the copyright of such motion pictures, the motion pictures are licensed for exhibition to the respective Plaintiffs, at one or more theatres operated by the Plaintiffs according to the terms of a particular license agreement. At all times the copyright ownership and the title of the motion picture remains in the producer or the distributor, and none of the prints are owned by the Plaintiffs. They have no rights except by virtue of the license agreement mentioned above.

### VI.

Approximately twenty per cent (20%) of the motion pictures released for initial exhibition by the Plaintiff, Interstate Circuit, Inc., are not available for a preliminary screening in the City of Dallas more than forty-five days prior to the opening date of the film. Of the other pictures which are relased for first-run exhibition many of the screening prints have come to Dallas and move away from this distribution center so that the prints are not available for screening prior to exhibition except as a matter of chance or by prior arrangement.

### VII.

At the time of a survey in August, 1965, Plaintiffs employed one hundred sixty nine (169) persons who were under eighteen years of age.

### VIII.

The statutes of Texas and the Texas Rules of Civil Procedure, when applied to the Ordinance before the Court, do not provide for a speedy judicial review of the rights of the Plaintiffs sufficient to satisfy the requirements of the case of Freedman v. State of Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).

### IX.

The Court finds that the language of Section 46A–10 of the Ordinance relating to forfeiture and confiscation fails to provide adequate protection to the Plaintiffs and therefore would be null and void under the First Amendment of the Constitution of the United States.

### CONCLUSIONS OF LAW

### I.

The Court has jurisdiction of the parties and the subject matter. 28 U.S.C. Sec. 1331.

### II.

█ The powers of the City of Dallas derive from Article 11, Section 5, of the Texas Constitution, Vernon's Ann.St., and are plenary, subject to the limitation that its charter and ordinances shall contain nothing inconsistent with the State or Federal Constitution or the general laws enacted by the Legislature. Janus Films, Inc. v. City of Fort Worth, 354 S.W.2d 597, 599 (Tex.Civ.App.), writ of error refused per curiam, 163 Texas 616, 358 S.W.2d 589 (1962).

### III.

█ Article 527 of the Vernon's Ann. Penal Code of the State of Texas prohibiting obscene pictures but excluding from its provisions motion pictures produced or manufactured as commercial motion pictures which (1) have the seal under the production Code of the Motion Picture Association of America, Inc., or (2) legally move in interstate commerce under Federal law, or (3) are legally imported from foreign countries into the United States and have passed the Customs Office of the United States Government at any port of entry, leaves the field of regulation of such pictures excluded from Article 527 to the City. Janus Films, Inc. v. City of Fort Worth, supra.

## IV.

Since some motion pictures are excluded from Article 527 of the Penal Code of the State of Texas, as set out in the above conclusion, the power to regulate such pictures is delegated to the City of Dallas and are subject to regulation by the City. Janus Films, Inc. v. City of Fort Worth, supra.

## V.

■ Recognizing the legitimate and indeed exigent interest of the State and localities throughout the nation in the dissemination of material deemed harmful to children, the power given to the Dallas Motion Picture Classification Board established by Ordinance 10,963 of the City of Dallas to classify films (1) "suitable for young persons" or (2) "not suitable for young persons" is reasonable in order to prevent the incitement or encouragement of crime, delinquency, or sexual promiscuity on the part of young persons. Jacobellis v. State of Ohio, 378 U.S. 184, 195, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); In re Louisiana News Co. v. Dayries, 187 F.Supp. 241, 247–248 (E.D.La.1960); State v. Settle, 90 R.I. 195, 156 A.2d 921 (1959).

## VI.

■ It is not the function of the Court to debate the wisdom of a legislative determination that certain films can cause a moral deterioration in the young and a resultant tendency towards juvenile delinquency, where the conclusion of the legislative body is not wholly unreasonable. Williams v. Mayor and City Council of Baltimore, 289 U.S. 36, 42, 53 S.Ct. 431, 77 L.Ed. 1015 (1933).

## VII.

■ The legislative inference from available data before the City Council that certain films have a tendency to incite or encourage criminal, delinquent, and sexually promiscuous behavior on the part of young people is not so unreasonable and arbitrary as to be invalid, and such inference not being unreasonable, it is the function of the Court to accept the legislative judgment of the causal relationship between certain films and the societal evil as valid. Williams v. Mayor and City Council of Baltimore, supra.

## VIII.

■ An enactment aimed at combating criminal, delinquent and sexually promiscuous behavior on the part of young persons is plainly within the powers of the City Council, if it does not transgress the boundaries fixed by the Constitution for freedom of expression.

## IX.

■ The States' authority over children's activities is broader than over like activities of adults, and the fact that certain films are not obscene under the Supreme Court definition in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, and affirmed in Jacobellis v. State of Ohio, 378 U.S. 184, 84 S.Ct. 1676, does not necessarily render them not obscene when viewed by an audience of young persons, as defined in Section 46A–1 of the Ordinance, so as to protect them under the First Amendment to the Federal Constitution. Jacobellis v. State of Ohio, 378 U.S. at 195, 84 S.Ct. 1676; Prince v. Commonwealth of Massachusetts, 321 U.S. 158, 168, 64 S.Ct. 438, 88 L.Ed. 645 (1944); State v. Settle, supra; In re Louisiana News Co. v. Dayries, supra. See Lockhart & McClure, Censorship of Obscenity: The Developing Constitutional Standards, 45 Minn.L. Rev. 5, 85–88 (1960); Fagan, Obscenity Control and Minors—The Case for a Separate Standard, 10 Catholic Lawyer 270 (1960); Note, "For Adults Only": The Constitutionality of Governmental Film Censorship by Age Classification, 69 Yale L.J. 141 (1959).

## X.

Films which to an audience of young persons are obscene when presented in a salacious manner are not protected by the First Amendment to the Constitution. The itemization of films in the Ordinance involved herein, set out under the definition of "Not suitable for young persons" contained in Section 46A–1(f) (1) and

(2) should be interpreted to include only those, which to an audience of young people as defined in the Ordinance, are obscene when presented in a salacious manner. When so interpreted, such films are not protected by the First Amendment to the Constitution. See citations under IX.

## XI.

■ The subject of the Ordinance being within the police power of the City, its action in enacting said Ordinance within its range of discretion cannot be set aside merely because compliance would result in financial loss. See, e. g., Bowles v. Willingham, 321 U.S. 503, 517–518, 64 S.Ct. 641, 88 L.Ed. 892 (1944).

## XII.

■ Section 46A–7 entitled "Judicial Review" providing for the suspension of the Board's order unless an injunction is issued within fifteen days after the filing by an exhibitor of a notice of non-acceptance of the Board's classification is so vague and indefinite as to make the exhibitor's right to a speedy determination of the issue uncertain, thus depriving him of due process of law.

## XIII.

■ Regardless of whether the injunction provided for in Section 46A–7 of the Ordinance involved herein is interpreted as temporary or permanent, there being no provision in the Texas statutes for prompt judicial review in the trial and appellate courts, and experience being that risk of delay is built into the Texas procedure, the Ordinance in question lacks sufficient procedural safeguards designed to obviate the dangers of a censorship system. Freedman v. State of Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965). Compare Trans-Lux Distributing Corp. v. Maryland State Board of Censors, 213 A.2d 235 (Md. Sept. 27, 1965).

## XIV.

■ Section 46A–10 of the Ordinance, relating to forfeiture and confiscation of "any film used in connection with the commission of any act declared to be a public nuisance" is null and void due to its failure to provide adequate protection for the exhibition of non-obscene motion pictures to an adult audience as required by the First Amendment to the Constitution. See Near v. State of Minnesota ex rel. Olson, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931); Kingsley Books, Inc. v. Brown, 354 U.S. 436, 444–445, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957); Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964).

## XV.

Since Section 46A–10 of the Ordinance relating to forfeiture and confiscation of "projection equipment used in connection with the commission of any act declared to be a public nuisance" denies the exhibitor the right to show any film, no matter how worthwhile or educational, to any audience at any time in the future without the purchase of new projection equipment, such provision is null and void for failure to provide adequate protection for the future exhibition of non-obscene motion pictures, as required by the First Amendment to the Constitution. See citations under XIV.

## XVI.

In view of the above conclusions, Section 46A–9 of the Ordinance is void and unenforceable because it violates the Plaintiffs' rights guaranteed by the First Amendment of the Constitution of the United States.

## XVII.

■ Section 46A–6 of the Ordinance, relating to revocation or suspension of the exhibitor's license up to one year, is null and void due to its denial of the exhibitor's right to show non-obscene motion pictures as guaranteed by the First Amendment to the Constitution.

## XVIII.

■ The power of the City of Dallas to require a license from the exhibitor prior to the exhibition of films classified

"not suitable for young persons" is within the police power of the City, but the issuance of the license under Section 46A–5 and the revocation and suspension of a license under Section 46A–6 of the Ordinance are so inter-related with the conviction of an offense under the Ordinance as to make them unenforceable and invalid.

XIX.

■ All other provisions of Ordinance 10,963 with the exception of Sections 46A–1 and 46A–2 are so inter-related and so dependent upon each other and with Sections 46A–6, 46A–7, 46A–9, and 46A–10 that they must be held unenforceable.

APPENDIX A

ORDINANCE NO. 10963

An Ordinance Providing for the Amendment of Chapter 46 of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas by Adding Thereto a New Chapter known as Chapter 46A; Providing for the Establishment of a Motion Picture Classification Board; Outlining Classification Procedures; Defining Offenses Related to the Exhibition of Films Classified "Not Suitable for Young Persons"; Providing for the Issuance, Revocation and Suspension of Licenses; Providing for Judicial Review; Defining Public Nuisances; Providing for Injunctive Relief, Seizure of Film and Equipment; Providing for an Exception to State Laws; Providing for a Severability Clause; Providing for a Penalty and Declaring an Emergency.

WHEREAS, THE CITY COUNCIL OF THE CITY OF DALLAS, after making an investigation and hearing evidence presented at a Public Hearing, finds that there has been a serious increase in crime, delinquency and sexual promiscuity on the part of young persons of school age within the City, that such increase is the result of various factors, including the type of commercial entertainment available to such young persons, that among various entertainment media, motion-picture films possess a greater capacity for good and for evil among young persons of school age than most other modes of expression and are, therefore, affected with a public interest, that some of the films currently being shown and accessible to viewing by such young persons, though not obscene to such an extent as to justify complete suppression, nevertheless have a tendency to incite or encourage criminal, delinquent and sexually promiscuous behavior on the part of such young persons, and that an urgent public necessity exists to protect such young persons from the exhibition of such films:

Now, Therefore,

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF DALLAS: SECTION 1. That the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas, be, and it is hereby amended by adding thereto a new chapter known as Chapter 46A, consisting of Sections 46A–1 through 46A–14.

CHAPTER 46A

MOTION PICTURE CLASSIFICATION ORDINANCE

| § | 46A–1 | Definition of Terms |
|---|---|---|
| § | 46A–2 | Establishment of Classification Board |
| § | 46A–3 | Classification Procedure |
| § | 46A–4 | Offenses |
| § | 46A–5 | License |
| § | 46A–6 | Revocation or suspension of license |
| § | 46A–7 | Judicial Review |
| § | 46A–8 | Public Nuisances |
| § | 46A–9 | Injunctions |
| § | 46A–10 | Seizure of film and equipment |
| § | 46A–11 | Exception to State Law |
| § | 46A–12 | Severability Clause |
| § | 46A–13 | Penalty |
| § | 46A–14 | Emergency Clause |

SECTION 46A–1 *Definition of Terms:*

(a) "Film" means any motion picture film or series of films, whether full length or short subject, but does not include newsreels portraying actual current events or pictorial news of the day.

(b) "Exhibit" means to project a film at any motion picture theater or other public place within the City of Dallas to which tickets are sold for admission.

(c) "Exhibitor" means any person, firm or corporation which exhibits a film.

(d) "Young person" means any person who has not attained his eighteenth birthday.

(e) "Board" means the Dallas Motion Picture Classification Board established by Section 46A–2 of this ordinance.

(f) "Not suitable for young persons" means:

(1) describing or portraying brutality, criminal violence or depravity in such a manner as to be, in the judgment of the Board, likely to incite or encourage crime or delinquency on the part of young persons; or

(2) describing or portraying nudity beyond the customary limits of candor in the community, or sexual promiscuity or extra-marital or abnormal sexual relations in such a manner as to be, in the judgment of the Board, likely to incite or encourage delinquency or sexual promiscuity on the part of young persons or to appeal to their prurient interest.

A film shall be considered "likely to incite or encourage" crime, delinquency or sexual promiscuity on the part of young persons, if, in the judgment of the Board, there is a substantial probability that it will create the impression on young persons that such conduct is profitable, desirable, acceptable, respectable, praiseworthy or commonly accepted. A film shall be considered as appealing to "prurient interest" of young persons, if in the judgment of the Board, its calculated or dominant effect on young persons is substantially to arouse sexual desire. In determining whether a film is "not suitable for young persons", the Board shall consider the film as a whole, rather than isolated portions, and shall determine whether its harmful effects outweigh whatever artistic or educational values such film may have for young persons.

(g) "Classify" means to determine whether a film is:

(1) Suitable for young persons, or;

(2) Not suitable for young persons

(h) "Advertisement" means any commercial promotional material initiated by an exhibitor designed to bring a film to public attention or to increase the sale of tickets to exhibitions of same, whether by newspaper, billboard, motion picture, television, radio, or other media within or originating within the City of Dallas.

(i) "Initial exhibition" means the first exhibition of any film within the City of Dallas.

(j) "Subsequent exhibition" means any exhibition subsequent to the initial exhibition, whether by the same or a different exhibitor.

(k) "File" means to deliver to the City Secretary for safekeeping as a public record of the City of Dallas.

(*l*) "Classification order" means any written determination by a majority of the Board classifying a film, or granting or refusing an application for change of classification.

SECTION 46A–2 *Establishment of Board:*

There is hereby established a body to be known as the Dallas Motion Picture Classification Board which shall be composed of a Chairman and Eight Members to be appointed by the Mayor and City Council of the City of Dallas, whose terms shall be the same as members of the City Council. Such members shall serve without pay and shall adopt such rules and regulations as they deem best governing

their action, proceeding and deliberations and time and place of meeting. If a vacancy occurs upon the Board by death, resignation or otherwise, the governing body of the City of Dallas shall appoint a member to fill such vacancy for the unexpired time.

The Chairman and all Members of the Board shall be good, moral, law abiding citizens of the City of Dallas, and shall be chosen so far as reasonably practicable in such a manner that they will represent a cross section of the community. Insofar as practicable, the members appointed to the Board shall be persons educated and experienced in one or more of the following fields: Art, Drama, Literature, Philosophy, Sociology, Psychology, History, Education, Music, Science or other related fields. The City Secretary shall act as Secretary of the Board.

SECTION 46A–3 *Classification procedure:*

(a) Before any initial exhibition, the exhibitor shall file a proposed classification of the film to be exhibited, stating the title of the film and the name of the producer, and giving a summary of the plot and such other information as the Board may by rule require, together with the classification proposed by the exhibitor. The Board shall examine such proposed classification, and if it approves same, shall mark it "approved" and file it as its own classification order. If the Board fails to act, that is, either file a classification order or call a hearing within ten days after such proposed classification is filed, the proposed classification shall be considered approved.

(b) If upon examination of the proposed classification a majority of the Board is not satisfied that it is proper, the Chairman shall direct the exhibitor to project the film before any five or more members of the Board, at a suitably equipped place and at a specified time, which shall be the earliest time practicable with due regard to the availability of the film. The exhibitor, or his designated representative, may at such time make such statement to the Board in support of his proposed classification and

present such testimony as he may desire. Within two days, the Board shall make and file its classification of the film in question.

(c) Any initial or subsequent exhibitor or any five adult citizens of the City of Dallas may file an application for a change in the classification of any film previously classified. No exhibitor shall be allowed to file more than one application for change of classification of the same film. Such application shall contain a sworn statement of the grounds for such change. Upon filing of such application, the City Secretary shall bring it immediately to the attention of the Chairman of the Board, who upon application by the exhibitor shall, but upon application of five adult citizens only after concurrence by four members of the Board, set a time and place for a hearing and shall notify the applicants and all interested parties, including all exhibitors who may be exhibiting or preparing to exhibit the film. The Board shall view the film and at such hearing hear the statements of all interested parties, and any proper testimony that may be offered, and shall promptly make and file its order granting or refusing such application.

(d) Upon filing by the Board of any classification order, the City Secretary shall immediately issue and mail a notice of classification to the exhibitor involved and to any other exhibitor who shall request such notice.

(e) A classification shall be binding on any subsequent exhibitor unless and until he obtains a change of classification in the manner above provided.

SECTION 46A–4 *Offenses:*

(a) It shall be unlawful for any exhibitor or his employee:

(1) To exhibit any film which has not been classified as provided in this ordinance.

(2) To exhibit any film classified "not suitable for young persons" if any current advertisement of such film by such exhibitor fails to state clearly the classification of such film.

(3) To exhibit any film classified "not suitable for young persons" without keeping such classification posted prominently in front of the theater in which such film is being exhibited.

(4) Knowingly to sell or give to any young person a ticket to any film classified "not suitable for young persons."

(5) Knowingly to permit any young person to view the exhibition of any film classified "not suitable for young persons."

(6) To exhibit any film classified "not suitable for young persons" or any scene or scenes from such a film, or from an unclassified film, whether moving or still, in the same theater and on the same program with a film classified "suitable for young persons"; provided that any advertising preview or trailer containing a scene or scenes from an unclassified film or a film classified "not suitable for young persons" may be shown at any time if same has been separately classified as "suitable for young persons" under the provisions of Section 46A-3 of this ordinance.

(7) To make any false or willfully misleading statement in any proposed classification, application for change of classification, or any other proceeding before the Board.

(8) To exhibit any film classified "not suitable for young persons" without having in force the license hereinafter provided.

(b) It shall be unlawful for any young person:

(1) To give his age falsely as eighteen years of age or over, for the purpose of gaining admittance to an exhibition of a film classified "not suitable for young persons."

(2) To enter or remain in the viewing room of any theater where a film classified "not suitable for young persons" is being exhibited.

(3) To state falsely that he or she is married for the purpose of gaining admittance to an exhibition of a film classified as "not suitable for young persons."

(c) It shall be unlawful for any person other than those specified in Subdivisions (a) and (b) above:

(1) To sell or give to any young person a ticket to an exhibition of a film classified "not suitable for young persons."

(2) To make any false or willfully misleading statement in an application for change of classification or in any proceeding before the Board.

(3) To make any false statements for the purpose of enabling any young person to gain admittance to the exhibition of a film classified "not suitable for young persons."

(d) To the extent that any prosecution or other proceeding under this ordinance, involves the entering, purchasing of a ticket, or viewing by a young person of a film classified "not suitable for young persons", it shall be a valid defense that such young person was accompanied by his parent or legally appointed guardian, husband or wife, throughout the viewing of such film.

SECTION 46A–5 *License:*

Every exhibitor who has not been finally convicted of an offense under this ordinance shall be entitled to issuance by the City Secretary of a license to exhibit films classified "not suitable for young persons."

SECTION 46A–6 *Revocation or suspension of license:*

Whenever the City Attorney or any person acting under his direction, or any ten citizens of the City of Dallas, shall file a sworn complaint with the City Secretary stating that any exhibitor has repeatedly violated the provisions of this ordinance, or that any exhibitor has persistently failed to use reasonable diligence to determine whether those seeking admittance to the exhibition of a film classified "not suitable for young persons" are below the age of eighteen, the City Secretary shall immediately bring such

complaint to the attention of the Chairman of the Board who shall set a time and place for hearing such complaint and cause notice of such hearing to be given to the complainants and to the exhibitor involved. Upon such hearing the Chairman shall have authority to issue subpoenas requiring witnesses to appear and testify at such hearing, and any party to such hearing shall be entitled to such process. If, after hearing the evidence, the Board shall find the charges in such complaint to be true, the Board shall issue and file an order revoking or suspending the license above provided for a specific period not to exceed one year, or may issue a reprimand if it is satisfied that such violation will not continue.

The Board likewise, after notice and hearing, may revoke or suspend the license of any exhibitor who has refused or unreasonably failed or delayed the submission of a film for review, when requested by the Board.

SECTION 46A–7 *Judicial Review:*

(a) Within two days after the filing of any classification order by the Board, other than an order approving the classification proposed by an exhibitor, any exhibitor may file a notice of nonacceptance of the Board's classification, stating his intention to exhibit the film in question under a different classification. Thereupon, it shall be the duty of the Board to make prompt application to a Court of competent jurisdiction for an injunction restraining such exhibitor from exhibiting the film in question contrary to the provisions of this ordinance. If such exhibitor appears at any hearing on such application, and opposes such injunction, the Board shall have the burden to present evidence sufficient to convince the court of the reasonableness of its classification.

(b) The filing of such notice of nonacceptance shall not suspend or set aside the Board's order, but such order shall be suspended at the end of fifteen days after the filing of such notice unless an injunction is issued within such period.

(c) Failure of any exhibitor to file the notice of nonacceptance within two days as required in Subdivision (1) of this Section 7, shall constitute acceptance of such classification order and such exhibitor shall be bound by such order in all subsequent proceedings except such proceedings as may be had in connection with any application for change of classification under Subdivision (c) of Section 46A–3 above.

SECTION 46A–8 *Public nuisances:*

The following acts are declared to be public nuisances:

(a) Any violation of Subdivisions (1), (2), (3), (6) or (7) of Subdivision (a) of Section 46A–4 of this ordinance.

(b) Any exhibition of a film classified as "not suitable for young persons" at which more than three young persons are admitted.

(c) Any exhibition of a film classified as "not suitable for young persons" by an exhibitor who fails to use reasonable diligence to determine whether persons admitted to such exhibition are persons under the age of eighteen years.

(d) Any exhibition of a film classified as "not suitable for young persons" by an exhibitor who has been convicted of as many as three violations of Subdivisions (4) or (5) of Subdivision (a) of Section 46A–4 of this ordinance in connection with the exhibition of the same film.

SECTION 46A–9 *Injunctions:*

Whenever the Board has probable cause to believe that any exhibitor has committed any of the acts declared in Section 8 above to be a public nuisance, the Board shall have the duty to make application to a Court of competent jurisdiction for an injunction restraining the commission of such acts.

SECTION 46A–10 *Seizure of Film and Equipment:*

Any film or projection equipment used in connection with the commission of any act declared to be a public nuisance in

Section 9 above may be seized and held by the Chief of Police and may be forfeited or confiscated upon suit brought for that purpose by the City in any Court of competent jurisdiction.

SECTION 46A–11 *Exception to State Law:*

Nothing in this ordinance shall be construed to regulate public exhibitions preempted by Article 527 of the Penal Code of the State of Texas, as amended.

SECTION 46A–12 *Severability Clause:*

Should any section, subsection, sentence, provision, clause or phrase be held to be invalid for any reason, such holding shall not render invalid any other section, subsection, sentence, provision, clause or phrase of this ordinance, and same are deemed severable for this purpose.

SECTION 46A–13 *Penalty:*

That any person who shall violate any provisions of this ordinance shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine not to exceed Two Hundred Dollars ($200.00) and each offense shall be deemed to be a separate violation and punishable as a separate offense.

SECTION 46A–14 *Emergency Clause:*

The fact that there are no ordinances in the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas providing for the classification of motion pictures, creates an urgency and an emergency in the preservation of the public peace, comfort and general welfare and requires that this ordinance shall take effect immediately from and after its passage, and it is accordingly so ordained.

APPROVED AS TO FORM:

H. P. KUNCERA, CITY ATTORNEY

By   N. Alex Bickley

    Assistant City Attorney

PASSED: April 5, 1965
CORRECTLY ENROLLED: April 5, 1965

ATTEST:

HAROLD G. SHANK
City Secretary

H. P. KUCERA
City·Attorney

STATE OF TEXAS
COUNTY OF DALLAS
CITY OF DALLAS

I, Harold G. Shank, City Secretary of the City of Dallas, Texas do hereby certify that the above and foregoing is a true and correct copy of Ordinance (passed) by the City Council of the City of Dallas, Texas April 5, 1965 WITNESS MY HAND AND THE SEAL OF THE CITY OF DALLAS, TEXAS, This the 26 day of Nov. A.D. 1965.

HAROLD G. SHANK

City Secretary of the
City of Dallas, Texas