CITY OF DALLAS, Texas, Appellant,

v.

Kenneth L. PARKER, Appellee.

No. 05–87–00330–CV.

Court of Appeals of Texas, Dallas.

June 30, 1987.

Roger F. Joyner, Dallas, for appellant.

Analeslie Muncy, David LaBrec, Debra G. Kress, Dallas, for appellee.

Before DEVANY, BAKER and McCRAW, JJ.

DEVANY, Justice.

This is an appeal from a temporary injunction resulting from an appeal to the district court of a decision by the City of Dallas to discharge Kenneth L. Parker, a firefighter who had been with the City for seventeen years. Parker had appealed his discharge to the Civil Service Trial Board in accordance with the required procedure. After a short hearing without any evidence being presented concerning specific acts of misconduct by Parker, the Trial Board ordered Parker reinstated. When the City requested the Trial Board to reconsider to hear evidence as to the reasons for Parker's discharge, Parker brought an action in the state district court, seeking injunctive relief to order the City to reinstate him. The district court granted a temporary injunction, ordering the City to reinstate Parker and to deposit six thousand dollars into the registry of the court. The district court found, however, that the Trial Board proceedings were incomplete, and ordered the Board to reconvene and to complete the proceedings.

The City appeals the temporary injunction and the order requiring it to deposit six thousand dollars in back pay into the registry of the court. In two points of error, the City contends that (1) the district court erred in granting Parker injunctive relief because the district court did not have jurisdiction of the case, and because there was an adequate remedy at law, and (2) the district court erred in ordering Parker's reinstatement and the deposit of back pay into the registry of the court because the court order is not authorized under state law and is prohibited by the charter of the City of Dallas. We agree that the trial court abused its discretion in ordering the City to deposit six thousand dollars into the registry of the court; however, we find no merit in the other arguments. Accordingly, we reform the order of the trial court to delete that part of the order requiring the City to deposit six thousand dollars into the registry of the court; and, as reformed, we affirm the order.

■ To properly address the City's points of error, we must first examine the legal context in which this suit occurs. The City of Dallas is a home-rule municipal corporation organized under the laws of the State of Texas. Under Article 11, section 5 of the Texas Constitution, the powers of a home-rule city are plenary, subject only to the limitations of the city's own charter and ordinances. *Interstate Circuit, Inc. v. City of Dallas,* 247 F.Supp. 906, 909 (N.D.Tex.1965). Since the City of Dallas has not adopted TEX.REV.CIV. STAT.ANN. art. 1269m (Vernon Supp. 1987), the state civil service statute, the City's own charter provisions govern the appointment, employment, removal, or suspension of municipal employees. *Fuller v. Mitchell,* 269 S.W.2d 517, 518–19 (Tex.Civ. App.—Dallas 1954, writ ref'd n.r.e.). These charter provisions include rules and regulations promulgated by a duly created Civil Service Board. 269 S.W.2d at 518.

■ Therefore, the City's actions and the proceedings of the Trial Board are governed by the applicable provisions in the City Charter. Chapter XVI, Section 12(a) of the Dallas City Charter states:

There is hereby created for the purpose of hearing and determining charges made against any officer or employee of the city ... who has been discharged or reduced in grade, a board to be known and designated as the trial board, ... The said board shall have final jurisdiction to hear and decide all appeals made to them by any discharged or reduced officer or employee and the judgment or decision of a majority of the board shall be final, unless the decision is appealed

within one year to the district court of the State of Texas in which hearing the matter shall be decided based upon the review of the record of the board hearing.

In addition, the City Personnel Rules contain several provisions detailing the procedures that must be followed when an employee appeals his discharge to the Trial Board. The following provisions are relevant to our decision:

(m) *Trial board proceedings.*

(1) A trial board hearing shall be conducted in two phases. During the first phase, the trial board shall hear evidence to determine whether the employee committed the violation which resulted in demotion or discharge. If the trial board, by a majority vote, finds that the employee committed the violation, the hearing shall proceed to the second phase. If the trial board finds that the employee committed no violation, the employee shall be reinstated without penalty and the proceedings considered closed.

\* \* \* \* \* \*

(n) *Summary of order.* On the working day following a decision resulting in modification or reversal of a disciplinary action, the board secretary shall issue a statement summarizing the trial board's order to authorize administrative compliance with the board's order.

(o) *Appeal to district court.* The decision of a trial board is final unless appealed to the state district court within one year after the conclusion of the trial board hearing. An appeal to the district court shall be decided upon the district court's review of the record of the trial board hearing.

Dallas, Tex., Ordinance No. 19340, § 34–40(m), (n), (o) (October 22, 1986). In addition to these provisions, the proceedings are also governed by the Texas Open Meetings Act, TEX.REV.CIV.STAT.ANN. art. 6252–17 (Vernon Supp.1987), which provides that any employee who is discharged shall be entitled to an open hearing if the employee requests that the hearing be open. The City Personnel Rules also provide, on the other hand, that "an appealing employee ... may request the trial board hearing and deliberations, which are usually open to the public, to be closed." Section 34–40(j)(1). Parker, however, did request an open hearing.

With these provisions in mind, we now address the City's points of error. In its first point of error, the City argues that the district court erred in granting Parker injunctive relief because the district court does not have jurisdiction of case, and because there exists an adequate remedy at law. The City argues that the district court did not have jurisdiction of the case because the Trial Board proceedings were incomplete. Section 34–40(o) of the City Personnel Rules provides that "the decision of the Trial Board is final unless appealed to the state district court." Therefore, we conclude that the district court would not have jurisdiction unless the Trial Board had reached a final decision. *See Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985).

We now examine the facts of those proceedings in order to determine whether the Trial Board had actually made a final decision. The Trial Board held Parker's hearing on January 29, 1987. After the hearing began, the attorney representing the City began her opening statement. In that statement, she noted that, at the time of his discharge, Parker was under a "performance improvement contract," or "PIC." Parker's attorney immediately objected to the City's reference to the PIC since Parker had no notice that his discharge was related to a failure to perform under the PIC. The letter informing Parker of his discharge listed two specific rule violations along with his record and "past performance" as the reason for the discharge. The Board did not immediately rule on Parker's objection.

A witness for the City was called to testify that a PIC is a device whereby the City could obtain an independent evaluation of an employee whose performance appeared to be substandard. The PIC would set standards and goals for the employee to meet in order to improve his performance. If the employee failed to improve within the time period set by the PIC, he

could be discharged. Parker's attorney again objected to any reference to the PIC since it was not mentioned as one of the reasons for Parker's discharge. He further explained that admission of the evidence concerning Parker's performance under the PIC would violate Parker's right to due process because he would not have had notice of all the reasons why he had been discharged. A thorough discussion was then had between the Trial Board members and Parker's attorney. It developed that Parker's true objection was that he did not have notice of all the specific rule violations that the City intended to prove. Parker pointed out that if the PIC had been included in the chief's letter, Parker would have known specifically what other violations he was being charged with since he was familiar with the subject matter of the PIC. However, since the chief did not mention the PIC in the letter of discharge, Parker was faced with defending unknown violations occurring over a period of 17 years. Earlier, the City had made it plain that it wanted to introduce evidence concerning the specific items in the PIC. Obviously, Parker had no prior notice of this.

At this point in the discussion, the Trial Board took a short recess. When the Board reassembled, the following proceedings took place:

> DR. DAVIS [Board Chairman]: We are reassembled in the matter of the case of Kenneth Parker, appellant. At the time we adjourned we were trying to resolve the issue of how this case is going to proceed in response to the objection of the appellant's attorney who objects specifically to the last sentence in the letter of discharge from Chief Dodd Miller, dated August 8, 1986, which states, for the record, "taking into consideration these particular violations together with your past performance and record I have decided that discharge from the Dallas Fire Department is necessary." Mr. Joyner objects to that being included in the City's presentation of its case. I will now ask Ms. Kress if she as assistant city attorney can or cannot proceed in this case without reference to that last paragraph.

> MS. KRESS: I cannot proceed in this case without reference to the contents or the subject matter that is included in that paragraph.

> DR. DAVIS: Thank you very much. Inasmuch as the letter of discharge to the appellant, Kenneth L. Parker, was at the time under a Performance Improvement Contract and that this was not made part of the basis for his discharge, we, this civil service board, we order that Mr. Parker be reinstated under the Performance Improvement Contract which he was at the time of his discharge.

> MR. JOYNER [Parker's attorney]: Thank you.

> MR. GARRETT [Board member]: Mr. Chairman, I want the record to show that I voted no for the decision.

> (Whereupon, the Trial Board adjourned.)

Four days later, on February 3, 1987, the City presented a Motion to Clarify Ruling and to Continue Trial Board Hearing on the Merits. On February 10, 1987, Parker was notified that the Trial Board would consider the City's request at 8:00 a.m. on February 19, 1987. Parker immediately filed suit in the district court seeking injunctive relief.

■ The City presents several reasons why, in its opinion, the Trial Board Proceedings were incomplete. The City argues that the City Personnel Rules, and the Texas Open Meetings Act, TEX.REV.CIV. STAT.ANN. art. 6252-17 (Vernon Supp. 1987), require a majority vote of the Board on the record before an employee may be reinstated. The City cites the following provisions of section 34-40 of the City Personnel Rules in support of this argument:

> (j) ... An appealing employee may ... request the trial board hearing and deliberations, *which are usually open to the public,* to be closed; ...

> (m) ... If the trial board, *by a majority vote,* finds that the employee committed the violation, the employee shall be reinstated without penalty ...

Section 34-40(1) also provides for a court reporter to make a record of the hearings.

These provisions do not specifically require that the *vote* of the Trial Board be on the record. In examining the transcript of the Trial Board proceedings, we are persuaded that a vote took place while the Trial Board was in recess. For example, immediately after the chairman announced the order to reinstate Parker, another member of the Board stated, "Mr. Chairman, I want the record to show that I voted no for the decision." We can infer from the chairman's statement, along with the comment of the other member of the Board, that the Board voted two to one to reinstate Parker. Even if the Board should have voted openly, the vote of each member is apparent once the Board reinstated Parker, and the third Board member stated that he had voted no. The Board's final action and decision ruling in Parker's favor was taken in the open meeting and on the record. Therefore, any vote taken during the recess was a conditional vote based upon the City's response. We hold that the procedures used were sufficient to comply with the City Personnel Rules. Section 34–40(m)(1) reads, in pertinent part:

If the trial board, by a majority vote, finds that the employee committed the violation, the hearing shall proceed to the second phase. *If the trial board finds that the employee committed no violation, the employee shall be reinstated without penalty and the proceedings considered closed.*

Section 34–40(m)(1) (emphasis added). Furthermore, we hold that the proceedings were also in compliance with the Texas Open Meetings Act, because the final decision occurred in an open meeting. TEX. REV.CIV.STAT.ANN. art. 6252–17 § 2(*l*).

It is implicit from the transcript that the Board must have found that the City was unable to prove its case against Parker. The chairman's statement reads:

Inasmuch as the letter of discharge to the appellant, Kenneth L. Parker, made no reference to the fact that the appellant, Kenneth L. Parker, was at that time under a Performance Improvement Contract and that this was not made part of the basis for his discharge we, this civil service board, we order that Mr. Parker

be reinstated under the Performance Improvement Contract which he was at the time of his discharge.

Furthermore, even if there remains a question as to whether the Board had actually voted, or whether the vote was a majority vote, when the City Attorney stated to the Board that she could not proceed with her case in light of their ruling, she effectively took a nonsuit at that point, and it was proper for the Board to reinstate Parker and to close the proceedings. However, we hold that the record is sufficient for us to conclude that a majority of the Board voted to reinstate Parker, and that the proceedings were, at that point, properly closed.

The next question we must determine is whether the Board's decision at the hearing was final at that time, since no written "summary of order" was issued the day following the hearing, as required by Section 34–40(n), and since the Board did agree to hear the City's motion to clarify the ruling and to continue the hearing on the merits. For several reasons, we conclude that the *decision* was final at the time the hearing closed. First, Section 34–40(m)(1) states that, if the Board finds that no violation occurred, "the employee shall be reinstated without penalty *and the proceedings considered closed.*" (Emphasis added.) Second, Section 34–40(n) states, "[o]n the working day following a *decision* resulting in modification or reversal of a disciplinary action, the board secretary shall issue a *statement summarizing the trial board's order* to authorize administrative compliance with the board's order." (Emphasis added.) Third, Section 34–40(*o*) states, in pertinent part, "[t]he *decision* of a trial board is final unless appealed to the state district court ..." (Emphasis added.) All of these provisions indicate that the Trial Board's *decision* occurs *at the hearing*, and that once the decision is made, it is final unless appealed to the district court. We have found no provision in the City Personnel Rules or in the City Charter which would allow a motion to clarify or a motion to continue, or any other type of motion for rehearing. Therefore, the Trial Board's jurisdiction does not continue for

any period of time after a final decision is made. While the City Personnel Rules could have provided that the Trial Board retain jurisdiction for purposes of filing a motion for rehearing, there is no such provision. For example, district courts retain jurisdiction for a period of thirty days after the final judgment is handed down. During this time, the parties may make a motion for new trial. This is specifically provided for in the Texas Rules of Civil Procedure. TEX.R.CIV.P. 329b. However, as noted, the City Personnel Rules, which are the applicable law in this case, do not provide for any type of motion for rehearing after the Trial Board reaches its decision. Therefore, under the City's own rules, once the Trial Board makes its decision, the only appeal possible is to the state district court, as provided by Section 34–40(*o*). Therefore, we conclude that the Trial Board's decision to reinstate Parker was a final decision, and that, when the Board failed to issue its "summary of order", it was proper for Parker to seek relief in the district court.

▮ Next, we consider whether the district court abused its discretion in ordering the City to reinstate Parker. We conclude that it did not. Parker had no adequate remedy at law. He had pursued his administrative remedy by appealing to the Trial Board, and the Trial Board had found in his favor. *See City of Corpus Christi v. Stowe,* 338 S.W.2d 767, 769 (Tex.Civ.App.—San Antonio 1960, no writ). When the Board secretary failed to issue the "summary of order" authorizing administrative compliance with the Trial Board's decision, Parker's only remedy was to seek relief in the district court.

▮ We now must consider whether the district court abused its discretion in ordering the City to deposit six thousand dollars into the registry of the court for back pay. We conclude that this was an abuse of its discretion. Once the district court ordered the City to reinstate Parker, the City was required by Section 34–40(m)(1) of its own Personnel Rules to reinstate Parker *without penalty.* The district court abused its discretion in requiring the

deposit of back pay because no "summary of order" had yet been issued by the Trial Board. That order would have authorized Parker's reinstatement and the calculations of back wages, together with the various payroll deductions mandated by law. The six thousand dollar sum was an estimate of Parker's back wages, rather than an accurate calculation. The City had not failed to respond to the Trial Board; rather, its posture was one of awaiting an authorization from the Trial Board as required by Section 34–40(n) of the City Personnel Rules. In its order, the district court ordered the Trial Board to issue its final rulings. Therefore, we presume that the district court ordered the Trial Board to complete the ministerial task of issuing the "summary of order." We are not faced here with a refusal by the City, therefore, no injury had occurred. An injunction should not issue on a mere surmise of injury. *Hallmark Personnel of Texas, Inc., v. Franks,* 562 S.W.2d 933, 936 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). Since the City will be required to award back pay to Parker once he is reinstated, it was an abuse of discretion for the district court to order the City to pay six thousand dollars into the registry of the court. The City's first point of error is sustained in part and overruled in part.

In its second point of error, the City contends that the district court erred in ordering Parker's reinstatement and the deposit of back pay into the registry of the court because the court's order is not authorized under state law and is prohibited by the Charter of the City of Dallas. The City argues that Chapter XVI, Section 12(b) of the City Charter prohibits an award of temporary reinstatement during the pendency of the Trial Board hearing. Section 12(b) provides, in pertinent part,

... The appeal to the board shall not suspend the execution of the order from which the appellant is appealing ...

In support of this argument, the City cites *Southwestern Associated Telephone Company v. Dalhart,* 254 S.W.2d 819 (Tex.Civ. App.—Amarillo 1952, writ ref'd n.r.e.). That case holds that an injunction to pre-

vent the enforcement or execution of a valid statute or ordinance would encroach on legislative functions and will not be granted. 254 S.W.2d at 826. However, in the instant case, the injunction ordering Parker reinstated was granted to *enforce* a valid ordinance. In addition, since we have held that the decision of the Trial Board was, in fact, final, the district court's grant of the injunction did not interfere with the Trial Board's proceedings. Neither did it suspend the execution of the order, since it was actually *ordering* the execution of the Trial Board's decision. The City's second point of error is overruled.

The order of the district court is reformed, and the portion of the injunction requiring the City of Dallas to deposit six thousand dollars into the registry of the court is dissolved. As reformed, the order is affirmed.