

# THE ATTORNEY GENERAL
## OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

July 25, 1990

Honorable Stephen C. Howard
Orange County Attorney
County Courthouse
Orange, Texas 77630

Opinion No. JM-1191

Re: Whether section 2(g) of article 6252-17, V.T.C.S., authorizes the school principal and school district superintendent to require a teacher's grievance to be heard in executive session (RQ-2027)

Dear Mr. Howard:

You inform us that an employee of the West Orange-Cove Consolidated Independent School District has filed a grievance about his evaluation. The statement of grievance, which you have submitted to us, contests the substance of the evaluation and complains about the principal's and the superintendent's actions in the evaluation process.

By rule of the State Board of Education, each public school district in the state must adopt a written policy establishing a grievance procedure for employees to present complaints concerning wages, hours, or conditions of work. 19 T.A.C. § 61.232; see Educ. Code §§ 11.24, 13.323; see also 19 T.A.C. § 149.43(d)(2). The procedure must allow for presenting the grievance to the various administrative levels of the school district. 19 T.A.C. § 61.232(a)(2). It must also "provide a reasonable opportunity for presentment to the local board of trustees if the employee is not satisfied with the response to the grievance at the final administrative level." Id. § 61.232(a)(3). Section 61.231 of Title 19, Texas Administrative Code, sets out the minimum procedural standards for hearings before local boards. School board meetings are subject to the Open Meetings Act. V.T.C.S. art. 6252-17, § 1(c).

The employee has requested that his hearing take place in an open session in accordance with the "personnel" exception of the Open Meetings Act:

> Nothing in this act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, <u>unless such officer or employee requests a public hearing</u>.

V.T.C.S. art. 6252-17, § 2(g) (emphasis added).

However, the principal and superintendent insist that the grievance hearing should be conducted in executive session. The grievant has charged them with violating his constitutional rights as well as district policies. Since the Open Meetings Act allows the school board to meet in closed session "to hear complaints or charges" against an officer or employee, "unless such officer or employee requests a public hearing," the principal and superintendent believe that they are entitled to an executive session hearing about the grievant's charges against them. They also rely on the following policy of the West Orange-Cove Consolidated Independent School District regarding employee grievances:

> <u>EXECUTIVE SESSION</u> - If the complaint involves the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of the employee bringing the complaint, it shall be heard by the Board in executive session, unless the employee requests it to be public. <u>If the complaint involves complaints or charges about another employee, it shall be heard by the Board in executive session unless the employee complained about requests it to be heard in public</u>. (Emphasis added.)

The Open Meetings Act requires all meetings to be open, with certain exceptions. Section 2(g) does not require a governmental body to deliberate in executive session in cases involving the personnel matters set out therein. Attorney General Opinion H-1047 (1977), which concerned a governmental body's appointment of its officers, stated as follows:

> [W]hile section 2(g) of the Open Meetings Act generally permits public bodies to consider

> the selection of officers of a governing
> board in a closed session, it certainly does
> not require that a meeting of this kind be
> closed. Rather, such a meeting may be opened
> to the public either by request of a
> prospective appointee, by charter or rule, or
> by a determination by the public body that
> the process of selecting its officers should
> be fully open to public scrutiny.

Attorney General Opinion H-1047 at 2.

A public employee who is the subject of deliberations has no right under section 2(g) to insist on a closed session. In contrast, a public employee who is the subject of a hearing described in section 2(g) does have a right to insist on a public hearing if he makes an appropriate request for it. See James v. Hitchcock Indep. School Dist., 742 S.W.2d 701 (Tex. App. - Houston [1st Dist.] 1987, writ denied); City of Dallas v. Parker, 737 S.W.2d 845 (Tex. App. - Dallas 1987, no writ); Corpus Christi Classroom Teachers Ass'n v. Corpus Christi Indep. School Dist., 535 S.W.2d 429 (Tex. Civ. App. - Corpus Christi 1976, no writ). The board of trustees must hear the teacher's grievance in open session despite the objections of the superintendent and principal. To the extent that the school district's rule denies an employee his right under section 2(g) to open his hearing before the board, it is invalid as inconsistent with the Open Meetings Act. See Anderson v. Canyon I.S.D., 412 S.W.2d 387 (Tex. Civ. App. - Amarillo 1967, no writ).

Moreover, based on the facts before us, the board does not propose "to hear complaints or charges" against the superintendent and principal within the meaning of section 2(g). "Hearing" has been defined as follows:

> Proceeding of relative formality . . . with
> definite issues of fact or of law to be
> tried, in which parties proceeded against
> have right to be heard . . . .

Black's Law Dictionary 649 (5th ed. 1979).

The board is holding a hearing about the teacher's grievance concerning his evaluation, as required by rule of the State Board of Education. The teacher's complaints about the principal and superintendent are incidental to his grievance against the school district, which necessarily acts through its agents. If the board did plan "to hear

complaints or charges" against the two officials, we would expect the board to have notified them of the charges and to give them an opportunity to answer them in accordance with the applicable school district policies. The employee before the school board is the teacher who disputes the correctness of his evaluation, not the officials who allegedly engaged in mistaken or wrongful conduct when they gave him that evaluation. If the grievance raises charges and complaints about the principal's and the superintendent's conduct that the board wishes to examine, it may do so only in compliance with applicable statutes and rules. See, e.g., V.T.C.S. art. 6252-17, § 3A(a).

## S U M M A R Y

Section 2(g) of the Open Meetings Act, article 6252-17, V.T.C.S., permits, but does not require a school board of trustees to hold an executive session to consider a teacher's grievance. An employee who is the subject of deliberations under section 2(g) has a right to an open hearing, but has no right to insist upon a closed hearing.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General