**INTERSTATE CIRCUIT, INC., et al.,**
**Plaintiffs,**

v.

**CITY OF DALLAS, Defendant.**

**Civ. A. No. 3–1303.**

United States District Court
N. D. Texas,
Dallas Division.

Dec. 23, 1965.

Grover Hartt, Jr., Edwin Tobolowsky, Tobolowsky, Hartt, Schlinger & Blalock, Dallas, Tex., for plaintiffs.

N. Alex Bickley, City Atty. of Dallas, Ted P. MacMaster, Asst. City Atty., Dallas, Tex., for defendant.

HUGHES, District Judge.

This matter came on for hearing on the application of the Plaintiffs for a preliminary injunction and the parties by stipulation having agreed that this application would be considered for a permanent injunction and the Court having considered the pleadings on file and having heard the evidence and argument of counsel, and having been fully advised in the premises of all particulars, does make and enter the following findings of fact and conclusions of law. Where appropriate, certain of the findings and conclusions contained in Interstate Circuit, Inc., et al. v. City of Dallas, CA–3–1006, 247 F.Supp. 906 (N.D.Tex., Nov. 9, 1965), have been incorporated herein.

FINDINGS OF FACT

I.

Plaintiff, Interstate Circuit, Inc., is a Delaware corporation authorized to do business in Texas, with its principal place of business in Dallas, authorized to exhibit motion pictures. It operates the following theatres in the City of Dallas: Majestic Theatre, 1925 Elm Street; Palace Theatre, 1623 Elm Street; Tower Theatre, 1905 Elm Street; Esquire Theatre, 3419 Oak Lawn; Inwood Theatre, Lovers Lane and Inwood Road; Circle Theatre, 2711 Storey Lane; Forest Theatre, 1918 Forest Avenue; Wilshire Theatre, Skillman and Mockingbird Lane; and Lakewood Theatre, 1825 Abrams Road.

Plaintiff Rowley United Theatres, Inc., is a Delaware corporation, authorized to do business in Texas, with its principal place of business in Dallas, authorized to exhibit motion pictures. It operates the following theatres in the City of Dallas: Jefferson Drive-In Theatre, 4506 West Jefferson; Town and Country Drive-In Theatre, Forest Lane and Plano Road; Lone Star Drive-In Theatre, 4600 Lawnview; Hampton Road Drive-In Theatre, 2833 South Hampton; Wynnewood Theatre, 275 Wynnewood Village; Vogue Theatre, 2010 West Jefferson; and Texas Theatre, 231 West Jefferson.

Plaintiff Big Tex Theatres, Inc., is a Texas corporation with its principal place of business in Dallas, authorized to exhibit motion pictures. It operates the following theatres in the City of Dallas: Granada Theatre, 3524 Greenville Ave-

nue; Kiest Boulevard Drive-In Theatre; Crest Theatre, 2603 South Lancaster; and Avenue Theatre, 4923 Columbia.

Plaintiff Stanley Warner Texas, Inc., is a Delaware corporation authorized to do business in Texas with its principal place of business in Dallas and is authorized to exhibit motion pictures. It operates the following theatres in the City of Dallas: Chalk Hill Drive-In Theatre, 4501 West Davis; Buckner Drive-In Theatre, 3311 North Buckner Boulevard; and Denton Road Drive-In Theatre, 11325 Harry Hines Boulevard.

Plaintiff Tivoli Realty, Inc., is a Texas corporation with its principal place of business in Dallas and is authorized to exhibit motion pictures. It operates the Delman Theatre, 3319 Raleigh Street.

Plaintiff Brooks Theatre, Inc., is a Texas corporation with its principal place of business in Dallas, Texas, and is authorized to exhibit motion pictures. It operates the South Loop Theatre, 3016 East Ledbetter Drive.

Plaintiff Trans-Texas Theatre, Inc., is a Texas corporation with its principal place of business in Dallas and is authorized to exhibit motion pictures. It operates the Capri Theatre, 1913 Elm Street.

Plaintiff Arcadia Theatre, Inc., is a Texas corporation with its principal place of business in Dallas and is authorized to exhibit motion pictures. It operates the Arcadia Theatre at 2005 Greenville Avenue.

Plaintiff Big "D" Theatre Company, Dallas, Texas, operates the Big "D" Drive-In Theatre, 6123 Harry Hines Boulevard.

Plaintiff Frank Lucchese, doing business as Llaw Enterprise Company, exhibits motion pictures. He operates the State Theatre, 3217 Thomas Avenue, City of Dallas.

Plaintiff General Cinema Corporation is a Delaware corporation authorized to do business in Texas. It operates the following theatres in the City of Dallas: Cinema North Park I, and Cinema North Park II.

And Plaintiff Academy Theatres, Inc. is a Texas corporation with its principal place of business in Dallas. It operates the Festival Theatre, 3104 Maple Avenue in the City of Dallas.

II.

Defendant, City of Dallas, is a home rule city. On November 22, 1965 Ordinance No. 11,284 was enacted in the form attached as Appendix "A" hereto after the Council heard testimony on the subject. On December 6, 1965 Ordinance No. 11,298 was enacted amending Ordinance No. 11,284 in the form attached as Appendix "B". All subsequent references will be to Ordinance No. 11,284, as amended.

III.

The Plaintiffs claim relief under the First and Fourteenth Amendments to the Constitution of the United States.

IV.

The Plaintiffs are engaged in the business of exhibiting commercial motion pictures in their respective theatres. In each theatre there is a large investment in personal property, projection equipment, and related accessories.

V.

Plaintiffs exhibit commercial talking motion pictures. These pictures are generally made in California, if of domestic manufacture, or they are made in foreign countries and imported through a port of entry of the United States Customs Office. The positive prints of said commercial motion pictures pass freely in interstate commerce in and out of the State of Texas. By the owners of the copyright of such motion pictures, the motion pictures are licensed for exhibition to the respective Plaintiffs, at one or more of the theatres operated by the Plaintiffs according to the terms of a particular license agreement. At all times the copyright ownership and the title of the motion picture remain in the producer or the distributor, and none of the prints are owned by the Plaintiffs. They have no rights except by virtue

of the license agreement mentioned above.

## VI.

A large portion of the motion pictures released for exhibition in the City of Dallas are available for screening and for showing 30 days or more prior to their initial exhibition. Others are generally available for screening in the City of Dallas by prior arrangement.

## VII.

Section 46 A–7 entitled "Judicial Review", in case of non-acceptance of the Board's classification, requires the Board to take steps to obtain a judicial review of the Order of the Board, provides a timetable for Court action by the Board, and requires the Board to waive notice of certain court proceedings.

## VIII.

District Courts in Dallas County, Texas have made it a practice to give preferential settings to cases in which the City of Dallas is a party, particularly those involving the public welfare.

## IX.

The Appellate Courts of Texas have likewise made it a practice to advance cases involving the public welfare and the need for immediate action.

## X.

In cases where the exhibitor-defendant loses before the Board, in the District Court, and in the Court of Civil Appeals, under the timetable provided by the Ordinance in question and under the customary procedure in the Texas Courts, a final decision in the Supreme Court of Texas could be obtained in less than thirty-five days.

## CONCLUSIONS OF LAW

### I.

The Court has jurisdiction of the parties and the subject matter. 28 U.S.C. § 1331.

### II.

The powers of the City of Dallas derive from Article 11, Section 5, of the Texas Constitution, Vernon's Ann. St. and are plenary, subject to the limitation that its charter and ordinances shall contain nothing inconsistent with the State or Federal Constitution or the general laws enacted by the Legislature. Janus Films, Inc. v. City of Fort Worth, 354 S.W.2d 597, 599 (Tex.Civ.App.), writ of error refused per curiam, 163 Tex. 616, 358 S.W.2d 589 (1962).

### III.

Article 527 of the Penal Code of the State of Texas prohibiting obscene pictures but excluding from its provisions motion pictures produced or manufactured as commercial motion pictures which (1) have the seal under the Production Code of the Motion Picture Association of America, Inc., or (2) legally move in interstate commerce under Federal law, or (3) are legally imported from foreign countries into the United States and have passed the Customs Office of the United States Government at any port of entry, leaves the field of regulation of such pictures excluded from Article 527 to the City. Janus Films, Inc. v. City of Fort Worth, supra.

### IV.

Since some commercial motion pictures are excluded from Article 527 of the Penal Code of the State of Texas, as set out in the above conclusion, the power to regulate such pictures is delegated to the City of Dallas and are subject to regulation by the City. Janus Films, Inc. v. City of Fort Worth, supra.

### V.

Recognizing the legitimate and indeed exigent interest of the State and localities throughout the nation in the dissemination of material deemed harmful to children, the power given to the Dallas Motion Picture Classification Board established by Ordinance 11,284 of the City of Dallas to classify films (1) "suitable for young persons" or (2) "not suitable for young persons" is reasonable in order to prevent the incitement or encouragement of crime, delinquency, or sexual promiscuity on the part of young persons. Jacobellis v. State of

Ohio, 378 U.S. 184, 195, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); In re Louisiana News Co. v. Dayries, 187 F.Supp. 241, 247–248 (E.D.La.1960); State v. Settle, 90 R.I. 195, 156 A.2d 921 (1959).

## VI.

■ It is not the function of the Court to debate the wisdom of a legislative determination that certain films can cause a moral deterioration in the young and a resultant tendency towards juvenile delinquency, where the conclusion of the legislative body is not wholly unreasonable. Williams v. Mayor and City Council of Baltimore, 289 U.S. 36, 42, 53 S.Ct. 431, 77 L.Ed. 1015 (1933).

## VII.

■ The legislative inference from available data before the City Council that certain films have a tendency to incite or encourage criminal, delinquent, and sexually promiscuous behavior on the part of young people is not so unreasonable and arbitrary as to be invalid, and such inference not being unreasonable, it is the function of the Court to accept the legislative judgment of the causal relationship between certain films and the societal evil as valid. Williams v. Mayor and City Council of Baltimore, supra.

## VIII.

An enactment aimed at combating criminal, delinquent and sexually promiscuous behavior on the part of young persons is plainly within the powers of the City Council, if it does not transgress the boundaries fixed by the Constitution for freedom of expression.

## IX.

■ The States' authority over children's activities is broader than over like activities of adults, and the fact that certain films are not obscene under the Supreme Court definition in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and affirmed in Jacobellis v. State of Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964), does not necessarily render them not obscene when viewed by an audience of young persons, as defined in Section 46 A–1 of the Ordinance, so as to protect them under the First Amendment to the Federal Constitution. Jacobellis v. State of Ohio, supra, 378 U.S. at 195, 84 S.Ct. 1676, 12 L.Ed.2d 793; Prince v. Commonwealth of Massachusetts, 321 U.S. 158, 168, 64 S.Ct. 438, 88 L.Ed. 645 (1944); State v. Settle, supra; In re Louisiana News Co. v. Dayries, supra. See Lockhart & McClure, Censorship of Obscenity: The Developing Constitutional Standards, 45 Minn.L.Rev. 5, 85–88 (1960); Fagan, Obscenity Control and Minors—The Case for a Separate Standard, 10 Catholic Lawyer 270 (1960); Note, "For Adults Only": The Constitutionality of Governmental Film Censorship by Age Classification, 69 Yale L.J. 141 (1959).

## X.

■ Section 46 A–1(f) defining the phrase "Not suitable for young persons" is valid to the extent that such films are obscene when viewed by an audience of young persons. See Lockhart & McClure, Censorship of Obscenity, supra, 45 Minn. L.Rev. at 85–88.

## XI.

■ A film that is obscene when viewed by an audience of young persons is one which, to the average young person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to the prurient interest, substantially goes beyond the customary limits of candor in description or representation of such matters to the average young person, and is utterly without redeeming social importance. See Lockhart & McClure, supra, 45 Minn. L.Rev. at 87–88 n. 469.

## XII.

■ Since it would be intolerable for "the constitutional limits of free expression in the Nation" to "vary with state lines", the contemporary community standards by which the status of a motion picture is tested are national stand-

ards. See Jacobellis v. State of Ohio, supra, 378 U.S. at 192–195, 84 S.Ct. at 1680–1682, and dissenting opinion of Mr. Justice Harlan, at 203–204, 84 S.Ct. at 1686–1687.

### XIII.

▬ The subject of the Ordinance being within the police power of the City, its action in enacting said Ordinance within its range of discretion cannot be set aside merely because compliance would result in financial loss. See, e. g., Bowles v. Willingham, 321 U.S. 503, 517–518, 64 S.Ct. 641, 88 L.Ed. 892 (1944).

### XIV.

▬ Section 46 A–3 entitled "Classification Procedure" and Section 46 A–7 entitled "Judicial Review" providing for a timetable for final action in the Courts on the issue of classification are sufficient to insure the exhibitor's right to a speedy determination of the issue and to guarantee due process of law. See Freedman v. State of Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965); Trans-Lux Distributing Corp. v. Maryland State Board of Censors, 240 Md. 98, 213 A.2d 235 (1965). Cf. United States v. One Carton Positive Motion Picture Film, 247 F.Supp. 450 (S.D.N.Y. Nov. 17, 1965).

### XV.

▬ Section 46 A–7 requiring waiver of notice of court proceedings by the Board and considering the practice in the trial and appellate courts of Texas to give preferential settings to cases involving the public interest, the Ordinance in question contains sufficient procedural safeguards to obviate the dangers of a censorship system. See citations under XIV.

### XVI.

▬ Section 46 A–6 of the Ordinance relating to revocation or suspension of the exhibitor's license to show a picture classified "not suitable for young persons" for a period of up to one year is null and void due to its denial of the exhibitor's right to show such films which are not obscene to an adult audi-

ence, as guaranteed by the First Amendment to the Constitution. See Butler v. State of Michigan, 352 U.S. 380, 77 S.Ct. 524, 1 L.Ed.2d 412 (1957).

### APPENDIX A

### ORDINANCE NO. 11284

An Ordinance Providing for the Amendment of Chapter 46 of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas by adding thereto a new chapter known as Chapter 46A; Providing for the establishment of a Motion Picture Classification Board; Outlining classification procedures; Defining Offenses related to the exhibition of films classified "Not Suitable for Young Persons"; Providing for the issuance, revocation and suspension of licenses; Providing for judicial review; Defining public nuisances; Providing for injunctive relief; Providing for an exception to State law; Providing for a severability clause; Providing for a Penalty; Providing for the repeal of Ordinance No. 10963 enacted by the City Council on April 5, 1965, and enacting this ordinance in lieu thereof; and Declaring an Emergency.

---

WHEREAS, the City Council after investigation on the part of the members of said Council and the hearing of evidence and testimony at a public hearing called for that purpose, is of the opinion and finds that certain commercially produced motion picture films are one of the contributing causes to juvenile delinquency, sexually promiscuous behavior and, along with other factors, tend to incite criminal behavior on the part of young persons; and

WHEREAS, the City Council is of the opinion that legislative action should be taken by this Council for the purpose of classifying the movies to which such young persons of school age are admitted without proper supervision; and

WHEREAS, the City Council is of the opinion and finds that a great portion of said movies are available for screen-

ing and for showing more than thirty days prior to their initial exhibition and that the benefits to the public will far exceed the burden placed upon the motion picture industry by having said movies screened and classified; and

WHEREAS, the City Council is of the opinion and finds that motion picture films possess a greater capacity for good and for evil among young persons of school age than most other modes of expression and are, therefore, affected with a public interest; Now, Therefore,

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF DALLAS:

SECTION 1. That Chapter 46 of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas, be, and it is hereby amended by adding thereto a new chapter known as Chapter 46A, consisting of Sections 46A-1 through 46A-11 inclusive, which shall read as follows:

## "CHAPTER 46A
## MOTION PICTURE CLASSIFICATION ORDINANCE

§ 46A-1   Definition of Terms
§ 46A-2   Establishment of Classification Board
§ 46A-3   Classification Procedure
§ 46A-4   Offenses
§ 46A-5   License
§ 46A-6   Revocation or suspension of license
§ 46A-7   Judicial Review
§ 46A-8   Public Nuisances
§ 46A-9   Injunctions
§ 46A-10  Exception to State Law
§ 46A-11  Severability Clause

Section 46A-1.   *Definition of Terms:*

(a) 'Film' means any motion picture film or series of films, whether full length or short subject, but does not include newsreels portraying actual current events or pictorial news of the day.

(b) 'Exhibit' means to project a film at any motion picture theatre or other public place within the City of Dallas to which tickets are sold for admission.

(c) 'Exhibitor' means any person, firm or corporation which exhibits a film.

(d) 'Young person' means any person who has not attained his sixteenth birthday.

(e) 'Board' means the Dallas Motion Picture Classification Board established by Section 46A-2 of this ordinance.

(f) 'Not suitable for young persons' means:

(1) Describing or portraying brutality, criminal violence or depravity in such a manner as to be, in the judgment of the Board, likely to incite or encourage crime or delinquency on the part of young persons; or

(2) Describing or portraying nudity beyond the customary limits of candor in the community, or sexual promiscuity or extra-marital or abnormal sexual relations in such a manner as to be, in the judgment of the Board, likely to incite or encourage delinquency or sexual promiscuity on the part of young persons or to appeal to their prurient interest.

A film shall be considered 'likely to incite or encourage' crime delinquency or sexual promiscuity on the part of young persons, if, in the judgment of the Board, there is a substantial probability that it will create the impression on young persons that such conduct is profitable, desirable, acceptable, respectable, praiseworthy or commonly accepted. A film shall be considered as appealing to 'prurient interest' of young persons, if in the judgment of the Board, its calculated or dominant effect on young persons is substantially to arouse sexual desire. In determining whether a film is 'not suitable for young persons', the Board shall consider the film as a whole, rather than isolated portions, and shall determine whether its harmful effects outweigh artistic or educational values such film may have for young persons.

(g) 'Classify' means to determine whether a film is:

(1) Suitable for young persons, or;

(2) Not suitable for young persons.

(h) 'Advertisement' means any commercial promotional material initiated by an exhibitor designed to bring a film

to public attention or to increase the sale of tickets to exhibitions of same, whether by newspaper, billboard, motion picture, television, radio, or other media within or originating within the City of Dallas.

(i) 'Initial exhibition' means the first exhibition of any film within the City of Dallas.

(j) 'Subsequent exhibition' means any exhibition subsequent to the initial exhibition, whether by the same or a different exhibitor.

(k) 'File' means to deliver to the City Secretary for safekeeping as a public record of the City of Dallas.

(l) 'Classification order' means any written determination by a majority of the Board classifying a film, or granting or refusing an application for change of classification.

(m) The term 'Board' as used and applied in subsection (a) of Section 46A–7 shall include the City of Dallas when attempting to enforce this ordinance and the City Attorney of the City of Dallas when representing the Board or the City of Dallas.

Section 46A–2. *Establishment of Board:*

There is hereby created a Board to be known as the Dallas Motion Picture Classification Board which shall be composed of a Chairman and Eight Members to be appointed by the Mayor and City Council of the City of Dallas, whose terms shall be the same as members of the City Council. Such members shall serve without pay and shall adopt such rules and regulations as they deem best governing their action, proceeding and deliberations and time and place of meeting. These rules and regulations shall be subject to approval of the City Council. If a vacancy occurs upon the Board by death, resignation or otherwise, the governing body of the City of Dallas shall appoint a member to fill such vacancy for the unexpired term.

The Chairman and all Members of the Board shall be good, moral, law-abiding citizens of the City of Dallas, and shall be chosen so far as reasonably practicable in such a manner that they will represent a cross section of the community. Insofar as practicable, the members appointed to the Board shall be persons educated and experienced in one or more of the following fields: art, drama, literature, philosophy, sociology, psychology, history, education, music, science or other related fields. The City Secretary shall act as Secretary of the Board.

Section 46A–3. *Classification Procedure:*

(a) Before any initial exhibition, the exhibitor shall file a proposed classification of the film to be exhibited, stating the title of the film and the name of the producer, and giving a summary of the plot and such other information as the Board may by rule require, together with the classification proposed by the exhibitor. The Board shall examine such proposed classification, and if it approves same, shall mark it 'approved' and file it as its own classification order. If the Board fails to act, that is, either file a classification order or hold a hearing within five (5) days after such proposed classification is filed, the proposed classification shall be considered approved.

(b) If upon examination of the proposed classification a majority of the Board is not satisfied that it is proper, the Chairman shall direct the exhibitor to project the film before any five (5) or more members of the Board, at a suitably equipped place and at a specified time, which shall be the earliest time practicable with due regard to the availability of the film. The exhibitor, or his designated representative, may at such time make such statement to the Board in support of his proposed classification and present such testimony as he may desire. Within two (2) days, the Board shall make and file its classification of the film in question.

(c) Any initial or subsequent exhibitor may file an application for a change in the classification of any film previously classified. No exhibitor shall be allowed to file more than one (1) application for change of classification of the same

film. Such application shall contain a sworn statement of the grounds upon which the application is based. Upon filing of such application, the City Secretary shall bring it immediately to the attention of the Chairman of the Board, who upon application by the exhibitor shall set a time and place for a hearing and shall notify the applicants and all interested parties, including all exhibitors who may be exhibiting or preparing to exhibit the film. The Board shall view the film and at such hearing, hear the statements of all interested parties, and any proper testimony that may be offered, and shall within two (2) days thereafter make and file its order approving or changing such classification. If the classification of a film is changed as a result of such hearing to the classification 'not suitable for young persons', the exhibitors showing the film shall have seven (7) days in which to alter their advertising and audience policy to comply with such classification.

(d) Upon filing by the Board of any classification order, the City Secretary shall immediately issue and mail a notice of classification to the exhibitor involved and to any other exhibitor who shall request such notice.

(e) A classification shall be binding on any subsequent exhibitor unless and until he obtains a change of classification in the manner above provided.

Section 46A–4. *Offenses:*

(a) It shall be unlawful for any exhibitor or his employee:

(1) To exhibit any film which has not been classified as provided in this ordinance.

(2) To exhibit any film classified 'not suitable for young persons' if any current advertisement of such film by such exhibitor fails to state clearly the classification of such film.

(3) To exhibit any film classified 'not suitable for young persons' without keeping such classification posted prominently in front of the theatre in which such film is being exhibited.

(4) Knowingly to sell or give to any young person a ticket to any film classified 'not suitable for young persons'.

(5) Knowingly to permit any young person to view the exhibition of any film classified 'not suitable for young persons'.

(6) To exhibit any film classified 'not suitable for young persons' or any scene or scenes from such a film, or from an unclassified film, whether moving or still, in the same theatre and on the same program with a film classified 'suitable for young persons'; provided that any advertising preview or trailer containing a scene or scenes from an unclassified film or a film classified 'not suitable for young persons' may be shown at any time if same has been separately classified as 'suitable for young persons' under the provisions of Section 46A–3 of this ordinance.

(7) To make any false or willfully misleading statement in any proposed classification, application for change of classification, or any other proceeding before the Board.

(8) To exhibit any film classified 'not suitable for young persons' without having in force the license hereinafter provided.

(b) It shall be unlawful for any young person:

(1) To give his age falsely as sixteen (16) years of age or over, for the purpose of gaining admittance to an exhibition of a film classified 'not suitable for young persons'.

(2) To enter or remain in the viewing room of any theatre where a film classified 'not suitable for young persons' is being exhibited.

(3) To state falsely that he or she is married for the purpose of gaining admittance to an exhibition of a film classified as 'not suitable for young persons'.

(c) It shall be unlawful for any person:

(1) To sell or give to any young person a ticket to an exhibition of a film

classified 'not suitable for young persons'.

(2) To make any false or willfully misleading statement in an application for change of classification or in any proceeding before the Board.

(3) To make any false statements for the purpose of enabling any young person to gain admittance to the exhibition of a film classified 'not suitable for young persons'.

(d) To the extent that any prosecution or other proceeding under this ordinance, involves the entering, purchasing of a ticket, or viewing by a young person of a film classified 'not suitable for young persons', it shall be a valid defense that such young person was accompanied by his parent or legally appointed guardian, husband or wife, throughout the viewing of such film.

### Section 46A–5. *License:*

Every exhibitor holding a motion picture theatre or motion picture show license issued pursuant to Chapter 46 of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas shall be entitled to issuance of a license by the City Secretary to exhibit films classified 'not suitable for young persons'.

### Section 46A–6. *Revocation or suspension of license:*

Whenever the City Attorney or any person acting under his direction, or any ten (10) citizens of the City of Dallas, shall file a sworn complaint with the City Secretary stating that any exhibitor has repeatedly violated the provisions of this ordinance, or that any exhibitor has persistently failed to use reasonable diligence to determine whether those seeking admittance to the exhibition of a film classified 'not suitable for young persons' are below the age of sixteen (16), the City Secretary shall immediately bring such complaint to the attention of the City Council who shall set a time and place for hearing such complaint and cause notice of such hearing to be given to the complainants and to the exhibitor involved. The City Council shall have authority to issue subpoenas requiring witnesses to appear and testify at such hearing, and any party to such hearing shall be entitled to such process. If, after hearing the evidence, the City Council shall find the charges in such complaint to be true, it shall issue and file an order revoking or suspending the license above provided, insofar as it grants the privilege of showing such classified pictures, for a specific period not to exceed one (1) year, or may issue a reprimand if it is satisfied that such violation will not continue.

The City Council likewise, after notice and hearing, may revoke or suspend the license of any exhibitor who has refused or unreasonably failed to produce or delayed the submission of a film for review, when requested by the Board.

### Section 46A–7. *Judicial Review:*

(a) Within two (2) days after the filing of any classification by the Board, other than an order approving the classification proposed by an exhibitor, any exhibitor may file a notice of non-acceptance of the Board's classification, stating his intention to exhibit the film in question under a different classification. Thereupon it shall be the duty of the Board to do the following:

(1) Within three (3) days thereafter to make application to a District Court of Dallas County, Texas, for a temporary and a permanent injunction to enjoin such defendant-exhibitor, being the exhibitor who contests the classification, from exhibiting the film in question contrary to the provisions of this ordinance.

(2) To have said application for temporary injunction set for hearing within five (5) days after the filing thereof. In the event the defendant-exhibitor appears at or before the time of the hearing of such temporary injunction, waives the notice otherwise provided by the Texas Rules of Civil Procedure, and requests that at the time set for such hearing the Court proceed to hear the case under the Texas Rules of Civil Procedure for permanent injunction

on its merits, the Board shall be required to waive its application for temporary injunction and shall join in such request. In the event the defendant-exhibitor does not waive notice and/or does not request an early hearing on the Board's application for permanent injunction, it shall nevertheless be the duty of the Board to obtain the earliest possible setting for such hearing under the provisions of State law and the Texas Rules of Civil Procedure.

(3) If the injunction is granted by the trial court and the defendant-exhibitor appeals to the Court of Civil Appeals, the Board shall waive any and all statutory notices and times as provided for in the Texas State Statutes and Texas Rules of Civil Procedure, and shall within five (5) days after receiving a copy of appealing exhibitor's brief, file its reply brief, if required, and be prepared to submit the case upon oral submission or take any other reasonable action requested by the appealing exhibitor to expedite the submission of the case to the Court of Civil Appeals, and shall upon request of the appealing exhibitor, jointly with such exhibitor, request the Court of Civil Appeals to advance the cause upon the docket and to give it a preferential setting the same as is afforded an appeal from a temporary injunction or other preferential matters.

(4) If the Court of Civil Appeals should by its judgment affirm the judgment of the trial court granting the injunction and the appealing exhibitor should file an application for writ of error to the Texas Supreme Court, the Board shall be required to waive any and all notices and times as provided for in the Texas State Statutes and the Texas Rules of Civil Procedure, and shall within five (5) days after receiving a copy of the application for writ of error, file its reply brief, if required, and be prepared to submit the case upon oral submission or take any other reasonable action requested by the appealing exhibitor to expedite the submission of the case to the Supreme Court and shall upon re-

quest of the appealing exhibitor, jointly with such exhibitor, request the Supreme Court to advance the cause upon the docket and to give it a preferential setting the same as is afforded an appeal from a temporary injunction or other preferential matters.

(5) If the District Court denies the Board's application for injunction, and the Board elects to appeal, the Board shall be required to waive all periods of time allowed it by the Texas Rules of Civil Procedure and if a motion for new trial is required, shall file said motion within two (2) days after the signing of the judgment, (or on the following Monday if said period ends on a Saturday or Sunday, or on the day following if the period ends on a Legal Holiday), shall not amend said motion and shall obtain a hearing on such motion within five (5) days' time. If no motion for new trial is required as a prerequisite to an appeal under the Texas Rules of Civil Procedure, the Board shall not file such a motion. Within ten (10) days after the judgment is signed by the District Court denying such injunction or within ten (10) days after the order overruling the Board's motion for new trial is signed, if such motion is required, the Board shall complete all steps necessary for the perfection of its appeal to the Court of Civil Appeals, including the filing of the Transcript, Statement of Facts and Appellant's brief. Failure to do shall constitute an abandonment of the appeal. On filing the record with the Court of Civil Appeals, the Board shall file a motion to advance requesting the Court to give a preferential setting the same as is afforded an appeal from a temporary injunction or other preferential matters.

(6) If the Court of Civil Appeals reverses the trial court after the trial court has granted an injunction, or if the Court of Civil Appeals refuses to reverse the trial court after that court has failed to grant an injunction, then if the Board desires to appeal from the decision of the Court of Civil Appeals by writ of error to the Supreme Court of the State of Texas, it must file its motion for

rehearing within two (2) days of rendition of the decision of the Court of Civil Appeals (or on the following Monday, if said period ends on a Saturday or Sunday, or on the day following if the period ends on a Legal Holiday), and shall file its application for writ of error within ten (10) days after the Court of Civil Appeals' order overruling such motion for rehearing, and failure to do so shall waive all rights to appeal from the decision of the Court of Civil Appeals. At the time of filing the application for writ of error, the Board shall also request the Supreme Court to give the case a preferential setting and advance the same on the docket.

(b) The filing of such notice of non-acceptance shall not suspend or set aside the Board's order, but such order shall be suspended at the end of ten (10) days after the filing of such notice unless an injunction is issued within such period.

(c) Failure of any exhibitor to file the notice of non-acceptance within two (2) days as required in Subdivision (1) of this Section 46A–7, shall constitute acceptance of such classification order and such exhibitor shall be bound by such order in all subsequent proceedings except such proceedings as may be had in connection with any application for change of classification under Subdivision (c) of Section 46A–3 above.

Section 46A–8. *Public Nuisances:*

The following acts are declared to be public nuisances:

(a) Any violation of Subdivisions (1), (2), (3), or (6), of Subdivision (a) of Section 46A–4 of this ordinance.

(b) Any exhibition of a film classified as 'not suitable for young persons' at which more than three (3) young persons are admitted.

(c) Any exhibition of a film classified as 'not suitable for young persons' by an exhibitor who fails to use reasonable diligence to determine whether persons admitted to such exhibition are persons under the age of sixteen (16) years.

(d) Any exhibition of a film classified as 'not suitable for young persons'

by an exhibitor who has been convicted of as many as three (3) violations of Subdivisions (4) or (5) of Subdivision (a) of Section 46A–4 of this ordinance in connection with the exhibition of the same film.

Section 46A–9. *Injunctions:*

Whenever the Board has probable cause to believe that any exhibitor has committed any of the acts declared in Section 46A–8 above to be a public nuisance, the Board shall have the duty to make application to a court of competent jurisdiction for an injunction restraining the commission of such acts.

Section 46A–10. *Exception to State Law:*

Nothing in this ordinance shall be construed to regulate public exhibitions pre-empted by Article 527 of the Penal Code of the State of Texas, as amended.

Section 46A–11. *Severability Clause:*

Should any section, subsection, sentence, provision, clause or phrase be held to be invalid for any reason, such holding shall not render invalid any other section, subsection, sentence, provision, clause or phrase of this ordinance, and the same are deemed severable for this purpose."

SECTION 2. That any person who shall violate any provisions of this ordinance shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine not to exceed Two Hundred Dollars ($200.00) and each offense shall be deemed to be a separate violation and punishable as a separate offense, and each day that a film is exhibited which has not been classified according to this ordinance shall be a separate offense.

SECTION 3. That Ordinance No. 10963 heretofore enacted by the City Council of the City of Dallas on April 5, 1965, be and the same is hereby in all things repealed and held for naught, and this ordinance is enacted in lieu thereof.

SECTION 4. The fact that Ordinance No. 10963 previously passed by the City Council of the City of Dallas has been declared to be unenforceable in the Courts by the Federal District Court,

creates an urgency and an emergency in the preservation of the public peace, comfort and general welfare and requires that this ordinance shall take effect immediately from and after its passage, and it is accordingly so ordained.

APPROVED AS TO FORM:

/S/ N. ALEX BICKLEY

N. ALEX BICKLEY, City Attorney

PASSED: November 22, 1965

CORRECTLY ENROLLED:
 November 22, 1965

ATTEST:

HAROLD G. SHANK
City Secretary

## APPENDIX B

### ORDINANCE NO. 11298

An Ordinance amending the first paragraph of Section 46A–2 of Chapter 46A of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas by providing for alternate members of the Dallas Motion Picture Classification Board; Providing that Chapter 46A, save and except as amended herein, shall remain in full force and effect; and Declaring an Emergency.

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF DALLAS:

SECTION 1. That the first paragraph of Section 46A–2 of Chapter 46A of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas, be, and it is hereby amended so that it shall hereafter read as follows:

"There is hereby created a Board to be known as the Dallas Motion Picture Classification Board which shall be composed of a Chairman and Eight Members to be appointed by the Mayor and City Council of the City of Dallas, whose terms shall be the same as members of the City Council; provided, however, that the City Council may appoint three (3) alternate members of said Board who shall serve in the absence of one or more of the regular members when requested to do so by the Chairman of the Board. Such members shall serve without pay and shall adopt such rules and regulations as they deem best governing their action, proceeding and deliberations and time and place of meeting. These rules and regulations shall be subject to approval of the City Council. If a vacancy occurs upon the Board by death, resignation or otherwise, the governing body of the City of Dallas shall appoint a member to fill such vacancy for the unexpired term."

SECTION 2. That Chapter 46A of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas, save and except as amended herein, shall remain in full force and effect.

SECTION 3. The fact that the Dallas Motion Picture Classification Ordinance providing for the appointment of a Dallas Motion Picture Classification Board is inadequate creates an urgency and an emergency in the preservation of the public peace, comfort and general welfare and requires that this ordinance shall take effect immediately from and after its passage, and it is accordingly so ordained.

APPROVED AS TO FORM:

N. ALEX BICKLEY,
 City Attorney

PASSED: ................... DEC 6 1965

CORRECTLY ENROLLED ........... DEC 6 1965

N. Alex Bickley
City Attorney

ATTEST:
Harold G. Shank
City Secretary.

Ted P. MacMaster

Assistant City Attorney